LEMMON, Judge.
Plaintiffs minor child was injured when the taxicab in which she was riding made a sudden stop because the preceding car was also forced into a sudden stop by a third vehicle cutting across its path. After a trial on the merits of plaintiff’s tort suit, the trial court rendered judgment in favor of plaintiff, and defendants have appealed.
The incident occurred on Melpomene Avenue, a divided street with two lanes of traffic on either side of the neutral ground. The taxi driver was traveling about 25 miles per hour at a distance of approximately two car lengths behind the preceding car, which he intended to pass. After allowing another car to pass him on his left, he then momentarily glanced into the side view mirror to determine that the way was clear for him to also pass the preceding vehicle. When he looked back ahead, he saw that the car which had just passed him had cut in front of the preceding car. Since the preceding car was in the act of stopping suddenly, the taxi driver abruptly applied his brakes and successfully avoided a collision. However, the passengers sustained injuries from being thrown about in the cab by the force of the sudden stop.
*325 The entire record as to liability consists of a statement by the passengers and a deposition of the taxicab driver. Nothing in the passengers’ statement contains any indication of negligence on the part of the driver. However, plaintiff correctly points out that passengers are not necessarily attentive to the driving and might not have observed negligent acts.
Nevertheless, the driver in describing his own actions, did not in our opinion indicate any act which constitutes negligence. Before the driver began the maneuver of passing the preceding car, he had a duty to ascertain that it was safe for him to do so. There is no indication whatsoever that he did anything more than glance into the rear view mirror momentarily and immediately return his attention to the preceding car and the roadway ahead.[1] This conduct does not constitute a failure to maintain a proper lookout. Furthermore, when he did return his attention to the front after the momentary side glance, he was confronted with the preceding vehicle in the process of stopping suddenly, and his actions thereafter were reasonable under the circumstances.
While a taxi driver owes his paying passengers the highest degree of care, this driver on the record before us did not breach any duty owed to his passengers. We therefore conclude that there was no basis for the finding of negligence.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that plaintiff’s suit be dismissed at her costs.
Reversed and rendered.
GULOTTA, J., dissents with written reasons, 276 So.2d 326.

. At one point in his deposition the driver affirmatively answered an inquiry as to whether the preceding car had already stopped when he returned his attention to the front. However, the driver testified clearly at other points (and at this point taken in context) that the preceding car was in the act of stopping.