GULOTTA, Judge (dissenting).
I respectfully dissent.
The deposition of the cab driver clearly establishes that he violated the high degree of care required of common carriers. Ellis stated in that deposition that he was driving one and one-half or two car lengths behind the automobile, when, in his words :
“Q. When you looked in the rear-view mirror and then turned back to look in front of you, what did you see?
“A. The car was cutting over and the man slammed on his brakes. Well, when he hit his brakes and I turned around I slammed on mines to avoid hitting him in the back.”
Again, later in his deposition:
“Q. Was it already braking when you first saw it ?
“A. When I turned around, when I took my eyes off the mirror and looked back ahead of me I could see the car was stopping and I slammed on my brakes.
“Q. It was already stopped when you turned back around ?
“A. Right.”
And finally:
“Q. And when you took your eyes off the road ahead of you you looked in the rear-view mirror, and when you looked ahead again he had placed — he had made a sudden stop?
“A. No, not at that particular time. When I saw the car coming around the side of me, well I stayed in my right-hand lane driving behind him. And after the car passed me on my left side and passed him, well, I were looking— just when the car passed him, cut over in front — well, I was checking my rear mirror to see if anything else was coming to see if I could pass, but it was another car coming. I stayed behind him. So by time I turned back, the car in front of me was braking and I slammed on my brakes also.
“Q. To avoid hitting him ?
“A. Right.”
Ellis’s negligence was in his failure to keep a proper lookout and by not allowing a safe distance between the vehicles. Had Ellis not been intent on attempting to pass the automobile in front of him, he would have maintained a proper lookout. This failure resulted in the required sudden stop causing the injuries to plaintiffs.